UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DG BERRY, Inc. a California corporation | Case Number: CV 13-1236 EMC |
| Plaintiff(s), | JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| vs. | ORDEE |
| | Date: June 27, 2013 |
| DRISCOLL STRAWBERRY ASSOCIATES, INC., a California corporation | Time: 9:00 a.m. |
| Defendant(s). | Courtroom: 5 |

The parties to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to Civil Local Rule 16-9.

The parties jointly apply for a continuation of the Case Management Conference to a date after the mediation that the parties have set for July 9, 2013.

1. Jurisdiction & Service

Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 USC §499e, et seq. and 28 U.S.C. §1331. All parties have been served. Venue is proper in the Northern District. Although the Complaint was initially filed in the San Jose Division of this Court, since the Defendants are located in Santa Cruz County, the case was transferred by the Court sua sponte to the San Francisco Division. The parties jointly request an intra-district transfer to the San Jose Division, for the convenience of the parties, their attorneys and the witnesses. The

Page 1 of 7

*DG Berry v. Driscoll Strawberry Associates*
*Case No: CV13-1236 EMC*
*Joint Case Management Conference Statement*

parties are located in Santa Cruz County and Santa Barbara County, as are potential witnesses, and counsel for both parties are located in Monterey County.

2. Facts

The dispute arises from 3 years of contracts between Plaintiff DG Berry, Inc. ("DG Berry"), who grew, harvested and financed a portion of the strawberry crops, and Defendant Driscoll Strawberry Associates, Inc. ("Driscoll Strawberry Associates"), who owned the proprietary strawberry plant materials and strawberries at all times, financed a portion of the strawberry crops, and provided cooling, marketing and sales for the strawberry crops. DG Berry claims that Driscoll Strawberry Associates failed to account for and pay all the money that was due to DG Berry for the strawberry crops and for harvest costs under several Grower Services Agreements and Fee Advance Agreements. DG Berry also claims damages from the alleged breach of a contract to provide proprietary strawberry plants for growing and harvest in the 2011/2012 strawberry season. Plaintiff's claims turn primarily on contract interpretation and accounting issues.

Defendant Driscoll Strawberry Associates claims that it "trued up" its accountings under the Fee Advance Agreements. After Plaintiff complained to Driscoll Strawberry Associates about money still owed to it, Defendant offered to pay DG Berry an additional sum of $12,486.89 under the Fee Advance Agreements as well as $32,004.01 under the Grower Services Agreement for strawberries sent for juice and freezer processors, as a final settlement, in exchange for a release of all of DG Berry's claims. Those offers were rejected by DG Berry. In response to the allegation that it breached its contract to provide proprietary strawberry plants for

*DG Berry v. Driscoll Strawberry Associates*
*Case No: CV13-1236 EMC*
*Joint Case Management Conference Statement*

the 2011/2012 season, Driscoll Strawberry Associates alleges that DG Berry canceled its order when Driscoll Strawberry Associates exercised its contractual right to select different varieties of strawberries than those that were ordered by the Plaintiff, and further that the contract expressly rules out all forms of consequential damages.

Plaintiff filed this action after a series of negotiations between the parties concerning the accountings under the agreements in question failed to resolve the disputes between the parties.

3. Legal Issues

The disputed points of law are the interpretations of the Grower Services Agreements, the Fee Advance Agreements and the letter agreement for the provision of proprietary strawberry plants. Plaintiff's claims under PACA and the California Food and Agriculture Code Sections 56302 and 56603 are based on its breach of contract claims.

4. Motions

There are no pending motions. The parties may jointly move for an intra-district transfer to the San Jose Division. Discovery and dispositive motions may be filed as the case develops.

5. Amendment of Pleadings

The parties have not yet commenced discovery. The parties propose a deadline of October 15, 2013 to amend their respective pleadings.

## 6. Evidence Preservation

The parties have each reviewed the ESI Guidelines and have had initial discussions concerning the preservation of relevant electronically stored evidence.

## 7. Disclosures

The parties have not commenced discovery. In their meet and confer discussions, the parties have agreed to postpone initial discovery until after their mediation scheduled for July 9, 2013.

## 8. Discovery

No discovery has been conducted to date.

The parties agree to complete non-expert discovery by March 15, 2014. The parties agree that all depositions may be taken in Salinas, California.

The parties agree to a limit of 25 Rule 26(b) interrogatories, including the use of the California Judicial Council form interrogatories for which subparts will not be counted as additional interrogatories

## 9. Class Actions

Not applicable.

## 10. Related Cases

Not applicable

*DG Berry v. Driscoll Strawberry Associates*
*Case No: CV13-1236 EMC*
*Joint Case Management Conference Statement*

## 11. Relief

Plaintiff seeks relief as follows; at least $255,016.53 under the Grower Services Agreements, at least $185,609.11 under the Fee Advance Agreements; and damages to be proved at trial for breach of the agreement to provide proprietary strawberry plants.

Defendant contends that the correct accounting is based on the interpretation of each agreement and the data gathered from the pool sales, the growers reported costs and other data specified in the contracts.

## 12. Settlement and ADR

The parties have agreed to conduct a mediation with Ret. Judge Richard Silver on July 9, 2013. Before litigation, the parties conducted negotiations based on the agreements and accountings, but the discussions did not reach resolution.

## 13. Consent to Magistrate Judge For All Purposes

Not all parties have consented to the Magistrate Judge for all purposes.

## 14. Other References

The parties agree that no reference is suitable before the mediation is conducted.

## 15. Narrowing of Issues

The issues of contract interpretation are suitable for agreement or motions. The data upon which the accountings are based is suitable for stipulated facts.

16. Expedited Trial Procedure

   The parties do not agree to the Expedited Trial Procedure of General Order 64.

17. Scheduling.

   The parties propose the following schedule:

   Designation of experts by April 1, 2014

   Discovery cutoff by June 15, 2014

   Hearing of dispositive motions by September 15, 2014

   Pretrial conference on October 15, 2014

   Trial commencing on November 4, 2014

18. Trial

   The parties request a bench trial. The parties estimate that trial will last 5 court days.

19. Disclosure of Non-party Interested Entities or Persons

   Each party has certified that as of this date, other than the named parties of record, there is no such interest to report.

20. Other

   None

Dated: 6/20/13

_____
Counsel for plaintiff

Dated: 6/20/13

_____
Counsel for defendant

*DG Berry v. Driscoll Strawberry Associates*
*Case No: CV13-1236 EMC*
*Joint Case Management Conference Statement*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Case Management Conference currently scheduled for June 27, 2013 is hereby continued to:

Date: _____7/25/13_____

Time: _____9:00 a.m._____

Courtroom: _____5_____

IT IS SO ORDERED.

Dated:   6/26/13

_____
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

Page 7 of 7

*DG Berry v. Driscoll Strawberry Associates*
*Case No: CV13-1236 EMC*
*Joint Case Management Conference Statement*